United States District Court
For the Northern District of California

1

2

3

4          IN THE UNITED STATES DISTRICT COURT

5          FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7  BARRY G. INGRAM,                              No. C 07-1945 SI

8          Plaintiff,                            **ORDER DISMISSING COMPLAINT
                                                  WITH LEAVE TO AMEND AS TO 2006
           v.                                     AUDI TOWING INCIDENT ONLY**

9  CITY AND COUNTY OF SAN FRANCISCO,
   and SAN FRANCISCO POLICE
10 DEPARTMENT,

11         Defendants.
                                              /
12

13         Now before the Court are plaintiff's *pro se* complaint and application to proceed *in forma*

14 *pauperis* ("IFP") filed on April 5, 2007.  The Court has completed the initial review required by 28

15 U.S.C. § 1915(e)(2)(B) and hereby DISMISSES plaintiff's complaint with leave to amend, for the

16 reasons set forth below.

17

18                                   **BACKGROUND**

19         Plaintiff has filed a *pro se* complaint against the City and County of San Francisco ("City") and

20 the San Francisco Police Department, concerning the towing of plaintiff's 1988 Audi vehicle on

21 September 2, 2006, and the towing of his 1984 Honda Accord vehicle on February 14, 2003.

22         The February 14, 2003 towing was the subject of several related actions previously filed in this

23 Court.  *See Ingram v.  CCSF, et al.,* C 02-0598 SI; *Ingram v.  CCSF,* C 02-4056 SI; *Ingram v.  CCSF,*

24 C 02-4730 SI; *Ingram v.  CCSF,* C 02-4733 SI; *Ingram v.  CCSF,* C 04-0649 SI; and *Ingram v.  CCSF,*

25 C 06–6896 MHP.  Plaintiff has been informed by the Court several times that his claims concerning the

26 February 2003 towing are now time barred and must be dismissed.  As recently as March 21, 2007, just

27 15 days before he filed this action, plaintiff was informed by Judge Marilyn Hall Patel that the statute

28 of limitations on this claim expired at the latest on October 1, 2005.  See *Ingram v.  CCSF,* C 06-6896

MHP, Memorandum and Order dismissing case, filed March 21, 2007.

Plaintiff's current complaint provides no details regarding the 2006 Audi towing.  The only details of the incident are on a claim form submitted to the City and attached to the complaint.  The form states that on September 2, 2006, the San Francisco Police Department had plaintiff's Audi towed.  It was parked in the "private lot for resident/guests" of plaintiff's building.  *See* Complaint, Ex. B.  In a letter to plaintiff dated October 27, 2006, the City denied plaintiff's claim.

## LEGAL STANDARD

IFP applications are reviewed in a two-part analysis under 28 U.S.C. § 1915.  The court looks first to whether a plaintiff meets the requisite financial status to be permitted to proceed in federal court without first paying a filing fee.  28 U.S.C. § 1915(a)(1).  The second stage of the analysis requires examination of the complaint to ensure that it states cognizable, non-frivolous claims.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  Courts treat the second prong of the analysis like a motion to dismiss filed by a defendant.  If it is "clear that no relief could be granted under any set of facts that could be proved consistent with the [plaintiff's] allegations," then it is proper to dismiss the complaint and deny IFP status.  *See Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1152 (9th Cir. 1989) (applying standard of review for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6)).  A pro se litigant bringing an IFP suit is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment could cure the defect.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## DISCUSSION

The Court finds that plaintiff's complaint fails to state a claim, and therefore DISMISSES the complaint with leave to amend, and DEFERS ruling on the IFP application.

This appears to be an action for deprivation of constitutional rights pursuant to 42 U.S.C. § 1983.  Plaintiff cites the California Code section providing for a three year statute of limitation for personal property-based actions.  However, as plaintiff has been informed several times before, section 1983 claims in California are governed by California's statute of limitations for personal injury actions.  *See*

United States District Court
For the Northern District of California

*Taylor v. Regents of Univ. of California*, 993 F.2d 710, 711 (9th Cir. 1993).  California Code of Civil Procedure § 335.1 governs personal injury actions and provides a two year statute of limitations. Plaintiff filed this complaint on April 5, 2007.  Accordingly, any claims that accrued prior to April 5, 2005 are untimely, and plaintiff may not re-allege those claims in an amended complaint.  Plaintiff's claims related to the Honda towing incident accrued in 2003.  Those claims are therefore untimely.  **Any further actions filed concerning the Honda towing incident will be summarily dismissed.**.

Section 1983 claims related to the 2006 Audi towing incident would be timely.  However, the allegations in plaintiff's complaint revolve exclusively around the 2003 towing.  Plaintiff therefore fails to state a claim with respect to the 2006 towing.  The Court will grant plaintiff leave to amend his complaint to state a claim arising out of the 2006 towing, should he wish to do so.

## CONCLUSION

For the foregoing reasons, the Court hereby DISMISSES plaintiff's complaint with leave to amend as to the 2006 Audi towing incident only, and DEFERS consideration of plaintiff's IFP application. If plaintiff wishes to file an amended complaint concerning the 2006 Audi towing incident, he must do so **no later than June 4, 2007.**

**IT IS SO ORDERED.**

Dated: May 21, 2007

SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California

3